### 21515

Patricia S. BARNES, Respondent, v. Ben Wilson BARNES, Jr., Appellant.

(280 S. E. (2d) 538)

*Charles W. Coleman* of Coleman & Herlong, Edgefield and *Thomas E. Huff,* Belvedere, *for appellant.*

*Pierce S. White, Jr.* of Saluda and *William H. Burkhalter, Jr., North* Augusta, *for respondent.*

July 9, 1981.

HARWELL, Justice:

This action was instituted by respondent Patricia S. Barnes against Ben Wilson Barnes for a divorce *a vinculo matrimonii*. The family court judge awarded the divorce on the basis of Section 20-3-10(5), Code of Laws of South Carolina (1976), having found that the parties lived separate and apart without cohabitation for a period of one year. We reverse.

Respondent filed her petition for divorce based on one year separation on April 7, 1979, but it is uncontroverted that the parties resided together in the marital home until January 8, 1979. The parties attest that they lived in separate rooms of the marital home and had had no sexual relations since April 6, 1978.

Section 20-3-10(5) of the Code provides that a divorce may be granted on the application of either party if and when the husband and wife have lived separate and apart without cohabitation for a period of one year.

The trial judge found that living in separate rooms in the marital home constituted living separate and apart and therefore met the requirement for a divorce based on one year's separation. We disagree.

While a husband and a wife live together in the marital home the only evidence of a separation would exist behind the closed doors of the matrimonial domicile. This situation encourages collusion between the dissatisfied partners of the marriage. *Boozer v. Boozer*, 242 S. C. 292, 130 S. E. (2d) 903 (1963). We therefore hold that the "living separate and apart" language of Section 20-3-10(5) requires that the parties live in separate domiciles for a period of a year. See, Annot., 35 A. L. R. (2d) 1238, 1278, 1280 (1971); 27A C. J. S. Divorce § 42 (1959); 24 Am. Jur. (2d) Divorce and Separation § 149 (1966).

The divorce granted to the respondent is reversed. Either party may initiate a new action with the financial obligations of each party to be determined on the basis of existing circumstances.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.